IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SCOTTSDALE INS. CO.** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CASE NO. 1:06CV1242LG-JMR** |
| | § | |
| **A.F.C. INC. AND ASFAN, INC.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

This is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57. Scottsdale Insurance Company seeks the Court's determination of its duties under a commercial general liability insurance policy issued to A.F.C., Inc. As part of its response to Scottsdale's complaint for declaratory relief, AFC filed a counterclaim for bad faith. Before the Court is Scottsdale's Motion to Dismiss the Counterclaim [8] pursuant to FED. R. CIV. P. 12(b)6 and (c), A.F.C., Inc.'s Response, and Scottsdale's Reply. After careful consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted.

DISCUSSION

AFC notified Scottsdale that it had been sued in the Circuit Court of Jackson County, Mississippi, by Asfan, Inc. for negligent construction and breach of construction contract in regard to an apartment building project in Ocean Springs, Mississippi. Scottsdale responded by agreeing to defend AFC under a reservation of rights.[1] Scottsdale then filed a complaint for declaratory judgment.

---

[1] On August 17, 2006 Scottsdale provided AFC with a reservation of rights letter which states in part that:

> At this time, Scottsdale's investigation into the matters surrounding this lawsuit is continuing and Scottsdale has not determined the full extent of coverage, if any, which is afforded to you under its policy. . . . As suit has actually been filed by the above claimant, Scottsdale will provide counsel to defend you until such a time as Scottsdale has made a decision with regards to the issues of coverage presented by these claims. Furthermore, you need to know that if you feel the need to hire or retain additional independent legal counsel to represent your interests with regard to any such suit, please advise Scottsdale accordingly, and

According to Scottsdale, the insurance policy it issued to AFC covers claims of "bodily injury" or "property damage" caused by an accident or occurrence, and none of Asfan Inc.'s claims in the state court action appear to fit that description. When AFC answered Scottsdale's Complaint for Declaratory Relief, it asserted a counterclaim. According to AFC, by seeking judicial determination of its duty to defend, Scottsdale negligently and in bad faith denied coverage. AFC argues that Scottsdale's Complaint for Declaratory Relief contains a "clear and unambiguous denial of coverage."[2] According to AFC the content of Scottsdale's Complaint for Declaratory Relief is itself evidence of negligent or bad faith denial of AFC's claim. Scottsdale seeks dismissal of the counterclaim. It contends that it has not denied coverage, but has only sought judicial determination of its duty to defend AFC.

Under Mississippi law, the mere filing of a declaratory judgment action by an insurer to determine whether it has the duty to defend or indemnify an insured does not constitute bad faith. *Employers Mut. Cas.Co. v. Tompkins,* 490 So.2d 897, 905 (Miss.1986) ("Although the timing of the declaratory judgment action, one day after the State's suit was filed, invites comment that it was to delay Tompkins' claim, we nevertheless hold the filing of the Federal action was an act in good faith because the doors of that court were open to the appellant for the presentation of its theory of the Uninsured Motorists Act."); *Allstate Ins. Co. v. Ashley,* 998 F.2d 300, 305 (5th Cir.1993) (the district court correctly found that the insurer had not acted in bad faith as a matter of law when it tendered

---

Scottsdale will pay reasonable attorney's fees for the hiring and retention of the independent legal counsel, of your own choosing, in addition to the counsel that may be provided to you by Scottsdale.
Exh. "A" to A.F.C., Inc. Answer and Counterclaim, pg. 2.

[2]As the claims made by Defendant Asfan Inc. ("Asfan"), in the Complaint and Amended Complaint are not covered under the applicable Scottsdale Policy, Scottsdale has no duty to defend and/or indemnify A.F.C. on account herein. *See* Complaint, ¶ 31.

sums it believed were owed and promptly filed suit for declaratory relief): *Stratford Ins. Co. v. Cooley*, 985 F.Supp. 665, 673 (S.D.Miss.1996) ("[u]nder no circumstances could it reasonably be concluded that [the insurer] acted in bad faith by instituting this declaratory judgment action to determine a legitimate coverage dispute rather than contributing its policy limits to a pre-litigation settlement ..."); *see also Mutual Assurance, Inc. v. Banks*, 113 F.Supp.2d 1020, 1024 (S.D. Miss. 2000).

Scottsdale has not *denied* coverage and continues to defend AFC under a reservation of rights. Under these circumstances, the filing of a declaratory judgment action to determine the rights and liabilities of the contracting parties does not equate to bad faith.[3]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss Counterclaim [8] pursuant to FED. R. CIV. P. 12(b)6 and (c), filed by Plaintiff Scottsdale Insurance Company is **GRANTED**. The Counterclaim of A.F.C. is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Scottsdale attached a number of documents to its Motion to Dismiss. The submission of evidence extraneous to the Counterclaim would "ordinarily require the Court to convert the motion to dismiss into a motion for summary judgment." *Horne v. Time Warner Operations, Inc.,* 119 F.Supp.2d 624, 627 n 4 (S.D.Miss.1999) (citing FRCP 12(b)). However, consideration of the extraneous materials was not necessary to the Court's ruling.